IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Criminal No. 05-129 |
| ) | |
| EVGENIY O. ADAMOV and ) | |
| MARK M. KAUSHANSKY,   ) | |
| ) | |
| Defendants.   ) | |

## OPINION

COHILL, D.J.

Before the Court is defendant Dr. Evgeniy O. Adamov's motion to approve his waiver of appearance at his arraignment pursuant to Fed. R. Crim. P. 10(b) (Doc. 32). The government has filed a response opposing said motion, to which Adamov has replied (Doc. 39). Defendant Mark M. Kaushansky has also filed a memorandum of law in support of Adamov's motion (Doc. 40).

On April 21, 2006, we heard oral argument on this matter, and now, having considered the parties' submissions and the applicable law, for the reasons set forth below we will deny defendant's motion.

### Background

Dr. Adamov was Russia's Minister of Atomic Energy from 1998-2001. By indictment dated May 5, 2005, he and co-defendant Mark Kaushansky are charged with appropriating approximately $9,000,000 allocated by the United States government to improve safety at Russian nuclear facilities. The 20-count indictment charges Adamov and Kaushansky with conspiracy to commit offense against the United States, interstate transportation of stolen property, conspiracy to commit money laundering, and money laundering. The indictment further charges defendant Kaushansky with attempting to evade taxation.

In May 2005, Adamov was arrested in Bern, Switzerland at the request of the United States. The exact circumstances surrounding that arrest are unclear to this Court. The government's position is that after he was arrested, Adamov refused extradition to the United

States. The defendant, however, asserts that he was trying to work out an arrangement with the Russian government to defend these charges in the United States, but that this possibility was ruined by his premature arrest. In any event, the United States filed a formal request for extradition with the Swiss authorities; the Russian government opposed his extradition to the United States, and sought to extradite him to Russia; the issue worked its way through the Swiss legal system; and in a decision dated December 22, 2005, the Swiss Supreme Court ruled that Adamov could not be properly extradited to the United States and ordered that he be extradited to Russia. Adamov was subsequently extradited to Russia, where he remains in pretrial detention facing separate criminal charges.

As Russia's former Minister of Atomic Energy, Adamov was privy to state nuclear secrets, and we have been informed that the Russian government has not allowed him to travel to the United States to defend the charges brought against him in the Western District of Pennsylvania. We have extended deadlines for filing pretrial motions in this case, based on the possibility that Adamov would be released from detention and permitted to travel to the United States. At oral argument, we agreed to delay a decision on Adamov's motion to waive his appearance until June 8, 2006, by which date defense counsel expected he could be released from Russian detention. However, counsel have recently informed us that his detention has now been extended until at least August of 2006, and that the Russian authorities may continue to investigate possible charges in that country for another six months beyond that date.

By motion, Adamov now seeks to waive his appearance at his arraignment so that this case can proceed while he remains in Russia.

## Analysis

Under the Federal Rules of Criminal Procedure, an arraignment is but one of many steps between the information or indictment and the final disposition of a criminal case. Arraignment is an important part of criminal procedure. At arraignment, the court assures that the defendant has a copy of the indictment or information, advises the defendant of the charges

2

against him and asks the defendant to plead to the indictment or information. Fed. R. Crim. P. 10 (a). Defendant's motion is based upon Rule 10(b), which permits a defendant to waive appearing at his arraignment. Resolving it, however, requires us to consider the interplay of provisions of Federal Rules of Criminal Procedure 5, 10 and 43. Rule 5 requires the defendant to make an initial appearance. There is a subtle, albeit legal, difference between arraignment and initial appearance, although the two events may occur simultaneously.

Under Rule 10, a defendant may waive an appearance at his arraignment as follows:

> **(b) Waiving Appearance.** A defendant need not be present for the arraignment if:
>
>> (1) the defendant has been charged by indictment or misdemeanor information;
>>
>> (2) the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and
>>
>> (3) the court accepts the waiver.

Fed. R. Crim. P. 10 (b).

Adamov has filed a waiver signed by himself and his counsel, certifying that he has reviewed the indictment and pleads not guilty to all charges. The motion before us asks us to accept that waiver.

Rule 10 (b) (3) gives us the discretion to accept or reject a waiver of appearance at an arraignment. As the Commentary to the 2002 Amendments to Rule 10 explains, the court can reject a requested waiver "where an attorney for the government presents reasons for requiring the defendant to appear personally." (Fed. R. Crim. P. 10 Commentary (2002 Amendments)).

The government argues that we should not accept Adamov's waiver for several reasons. It first reminds us that the defendant has never personally appeared before this court, and that under Rule 43 a defendant must be present for the initial appearance, arraignment, and other stages of trial unless waiver is permitted. The government points out that Adamov has never

3

had an initial appearance as required under Rule 5.[1]

Since there is no provision for waiving that appearance, the government argues that we should not permit Adamov to essentially skip ahead and waive the next procedural step, which is his arraignment, without ever making a personal appearance before this Court. The government also reminds us that Adamov is detained in Russia and there is no reason to believe that he will ever appear for trial in this district, and emphasizes that after his arrest in Switzerland, Adamov agreed to be extradited to Russia but refused to consent to extradition to the United States.

We are not persuaded by the government's argument that Adamov will never be able to appear before this Court for trial, since this remains purely speculative. However, Rule 43 convinces us that we should exercise our discretion under Rule 10 (b) (3) not to accept Adamov's waiver.

Under Rule 43, a defendant in a criminal case is required to be present in court at several key stages:

> **(a) When Required.** Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
>
> (1) the initial appearance, the initial arraignment, and the plea;
>
> (2) every trial stage, including jury impanelment and the return of the verdict; and
>
> (3) sentencing.

Fed. R. Crim. P. 43.

Rule 5, which governs a defendant's initial court appearance, does not provide for a waiver of this personal appearance. Nor does Rule 10 provide for a waiver of a defendant's

---

[1] At the initial appearance, the court must inform the defendant of the nature of the charges against him, his right to counsel, the circumstances under which he may receive pretrial release, any right to a preliminary hearing, and his right to remain silent and that any statement he makes may be used against him. He must be permitted to consult with counsel and a decision is made to detain or release him. A defendant may be asked to plead only under Rule 10. As we noted, the two proceedings may occur at the same time.

4

initial appearance; as stated above, Rule 10 does permit a defendant to waive appearing at his arraignment. Thus Rule 43, on its face, requires Adamov to be present at an initial appearance but permits the court to accept a waiver of his appearance at a subsequent arraignment.

Indeed, we have found no decisions permitting a defendant to waive the initial appearance under Rule 43. The only Court of Appeals decision we found on the question supports our conclusion, albeit on different facts. *See In re United States*, 784 F.2d 1062 (11th Cir. 1986) (concluding that the district court erred in permitting defendants to waive their appearance at their arraignment because this contradicts the plain language of Rule 43).

In the absence of binding authority directly on point, our application of Rule 43 is guided by the Supreme Court's decision in *Crosby v. United States*, 506 U.S. 255 (1993), which interpreted the language and structure of Rule 43. The question presented in *Crosby* was whether Rule 43 was violated by trying a defendant who was not present when the trial began. The Court unanimously held that Rule 43 prohibits a trial *in absentia* of such a defendant. The Court further held that the Rule is not violated if the defendant is present at the beginning of trial but then flees – since under those circumstances a defendant is presumed to be voluntarily absent and to have knowingly waived his right to be present at trial. Since Crosby fled before trial commenced, the district court should not have proceeded with trial in his absence. 506 U.S. at 256-57, 262.

Although *Crosby* does not address the waiver of an initial appearance, the Supreme Court's analysis of Rule 43 guides our decision to use our discretion to reject Adamov's proffered waiver. In reaching its conclusion, the Court reasoned that the Rule's express use of the limiting phrase "[u]nless this rule, Rule 5, or Rule 10 provides otherwise" clearly indicates that the list of situations in which the trial may proceed without the defendant is exclusive. 506 U.S. at 259. This list includes both trial, which was the issue in that case, and the initial appearance. And, as we have previously explained, neither Rule 5 nor Rule 10 provide for a waiver of the initial appearance.

5

Moreover, Rule 43 includes specific exceptions where a defendant's presence is **not** required, including where the defendant is a corporation, where the proceeding is a conference or hearing on a legal question, and where a sentence is being corrected. Fed. R. Crim. P. 43 (b) (1), (3) and (4). The exception codified at 43 (b) (2) is particularly relevant to our decision here: if the offense is a misdemeanor "punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court [may permit] the arraignment, plea, trial, and sentencing to occur in the defendant's absence." Fed. R. Crim. P. 43 (b) (2). This exception to requiring a defendant's presence shows that the rule-makers considered circumstances under which a defendant need not personally appear, and did not include an initial appearance on felony charges as such a proceeding.

Defendant argues that Rule 5 was promulgated to protect the defendant, to advise him of his rights and to ascertain that he has been informed of the charges brought against him, and therefore an initial appearance is just a formality which may be waived. However, Rule 43 uses mandatory language regarding the initial appearance required by Rule 5 – "the defendant must be present" – and we find nothing in the language or structure of Rule 43 to suggest that this actual appearance may be waived.

Defendant's argument that an initial appearance is often collapsed into the arraignment is equally unavailing. As we noted earlier, there are certainly circumstances where an initial appearance occurs when the defendant is arraigned. *See, e.g., United States v. Coonan*, 826 F.2d 1180, 1182 (2d Cir. 1987), which is cited in defendant's brief. However, although this procedural scenario may sometimes occur, the reported decisions do not challenge it under Rule 43, which guides our decision today. Moreover, in stark contrast to this case, these are instances where the defendant was personally appearing for the arraignment and thus there was some personal contact with the court.

Applying *Crosby's* reasoning to the facts of Adamov's case, convinces us that Rule 43 requires a defendant to be present at an initial appearance, and does not permit this appearance

to be waived. The Federal Rules of Criminal Procedure contemplate some sort of in personam appearance by a defendant in court. Since Adamov has never had an initial appearance before this Court and is not in a situation where he can do so, we will exercise our discretion under Rule 10 (b) (3) not to accept his waiver of appearance at the next step in the criminal process, which is his arraignment.

    Accordingly, Adamov's motion will be denied.

    An appropriate Order follows.

June 1, 2006
Date

Maurice B. Cohill, Jr.
Senior United States District Judge