IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) Criminal No. 05-129 |
| | ) |
| EVGENIY O. ADAMOV, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
**COHILL, D.J.**

  Before the Court are a motion by defendant Evgeniy Adamov seeking leave to make a special appearance for the limited purpose of moving to dismiss the indictment (Doc. 96), and his motion to dismiss the indictment (Doc. 97). The government has filed a brief in opposition, to which the Defendant has replied. Having considered the submissions of the parties and the applicable law, for the reasons set forth below we will exercise our discretion to deny Defendant's motion seeking leave to make a special appearance, and will dismiss his motion to dismiss the indictment as moot.

### Background

  Dr. Adamov was Russia's Minister of Atomic Energy from 1998-2001. By indictment dated May 5, 2005, he and co-defendant Mark Kaushansky are charged with appropriating approximately $9,000,000 allocated by the United States government to improve safety at Russian nuclear facilities. The 20-count indictment charges Adamov and Kaushansky with conspiracy to commit offense against the United States, interstate transportation of stolen property, conspiracy to commit money laundering, and money laundering. The indictment further charges defendant Kaushansky with attempting to evade taxation.

  In May 2005, Adamov was arrested in Bern, Switzerland at the request of the United States. The exact circumstances surrounding that arrest remain unclear to this Court. In any event, the United States filed a formal request for extradition with the Swiss authorities; the Russian government opposed his extradition to the United States, and sought to extradite him to

Russia; the issue worked its way through the Swiss legal system; and in a decision dated December 22, 2005, the Swiss Supreme Court ruled that Adamov could not be properly extradited to the United States and ordered that he be extradited to Russia. Adamov was subsequently extradited to Russia, where he has been convicted of criminal charges and is presently incarcerated.

By unpublished Opinion and Order dated June 1, 2006, we denied Adamov's motion to approve his waiver of appearance at his arraignment. Thus Adamov has never personally appeared before this Court.

Pursuant to a plea agreement, Kaushansky pled guilty to counts 5-13 of the indictment on September 25, 2006. In February of 2007, this Court heard several days of testimony on the amount of tax loss Kaushansky should be held responsible for in determining his advisory sentencing guideline range. While much of the hearing testimony necessarily concerned Adamov's activities, we emphasize that he was not on trial. Both parties put on witnesses and had the opportunity to cross-examine them, and Kaushansky himself testified extensively. We found that the tax loss attributable to Kaushansky for purposes of determining his offense level under the advisory guidelines was $63,561.52. On the evidence presented in Kaushansky's sentencing hearing, we stated that any tax loss to the United States resulting from Adamov's conduct would be purely speculative. *United States v. Kaushansky*, 2007 WL 1656251 (W.D.Pa. June 7, 2007).

On June 28, 2007, Kaushansky was sentenced to a term of 15 months imprisonment at each of Counts 5 through 13, to run concurrently, followed by 3 years of supervised release, and a fine of $20,000.00 plus a special assessment.

## Analysis

Adamov here seeks to make a special appearance for the limited purpose of filing a motion to dismiss the indictment against him. (Doc. 96). Should that motion be granted, he has submitted his motion to dismiss. (Doc. 97).

2

The government opposes the motion to make a special appearance. Without conceding that we have the discretion to entertain Defendant's motion, the government contends that we should not permit this special appearance under the general rule that fugitives cannot litigate their cases through counsel, because denying this motion will not jeopardize the defendant, and because the litigation of pretrial motions where the defendant may never appear before the court is a waste of judicial resources and could even start a steady flow of defendants avoiding extradition and seeking to litigate through counsel. (Gov't. Br. Doc. 105).

The government also argues under Fed. R. Crim P. 43 and Rule 5. We have addressed these Rules at length in our Opinion and Order denying Adamov's motion to approve his waiver of appearance at his arraignment, and will not restate our position here except to reiterate our conclusion that :

> . . . Rule 43 requires a defendant to be present at an initial appearance, and does not permit this appearance to be waived. The Federal Rules of Criminal Procedure contemplate some sort of in personam appearance by a defendant in court. Since Adamov has never had an initial appearance before this Court and is not in a situation where he can do so, we will exercise our discretion under Rule 10 (b) (3) not to accept his waiver of appearance at the next step in the criminal process, which is his arraignment.

Opinion dated June 1, 2006 (Doc. 45).

Defendant acknowledges our discretion in this matter, and refers us to a number of decisions where courts have granted leave to make a special appearance despite the defendant's absence from the jurisdiction. He reminds us that Rule 43 (b)(3) does not require a defendant to be present for a "conference or hearing on a question of law." Fed. R. Crim. P. 43 (b)(3). (Def.'s Br. Doc. 97).

We recognize that a defendant need not always be present for a conference on a question of law. *United States v. Lockwood*, 382 F.Supp. 1111, 1116 (E.D.N.Y. 1974) ("defendant's presence is unnecessary at pretrial motions when there is no evidence being taken and, therefore, no need to confront witnesses"). Although there is no Third Circuit precedent

3

directly on point, a number of district courts in other jurisdictions have concluded that they had the discretion to grant or deny an absent defendant leave to make a special appearance. *See, e.g. Lockwood*, 382 F.Supp. 1111 (district court has the power to appoint counsel to argue that the indictments in a group of draft evasion cases should be dismissed as insufficient, where the defendants remain fugitives and the court has a strong interest in clearing such cases from its crowded docket); *United States v. Shapiro*, 391 F.Supp. 689 (S.D.N.Y. 1975) (district court has the discretion to refuse to entertain a motion to dismiss the indictment where the defendant has become a fugitive); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (district court has the discretion to hear a challenge to the validity of the indictment and the court's jurisdiction over claims brought against a fugitive). *See also United States v. Tucor International*, 35 F.Supp.2d 1172 (N.D.Cal. 1998) (granting motion to dismiss on behalf of foreign defendants who had not appeared before the district court, after construing the charging statute and determining that it did not criminalize the conduct charged in the indictment).

We are confident that we have the discretion to permit Adamov to file his motion to dismiss the indictment and then to consider that motion on its merits, as well as the discretion to decline to permit him to file. We decline.

We agree with the government that the special circumstances which have led some courts to address motions to dismiss the indictment while a defendant remains outside the jurisdiction of the court are not present here. Unlike the cases cited above, Adamov is not merely challenging the legal sufficiency of the indictment in his case. This is not a situation where the indictment criminalizes conduct that is in fact not criminal. Nor, despite his former position as Russia's Minister of Atomic Energy, is this analogous to *Noriega*, where the defendant had a unique status as the *de facto* leader of a foreign government and was indicted, in a case of first impression, for using his position to commit the offense. Adamov's motion to dismiss is premised on grounds of unilateral collateral estoppel, based on findings made at his co-defendant's sentencing hearing. Although there are exceptions, non-mutual collateral

4

estoppel is not generally applicable to criminal charges. *See, e.g. Standefer v. United States*, 447 U.S. 10, 21-25 (1980). Kaushansky testified only after reaching a plea agreement with the government, and pleading guilty to charges of conspiracy and tax evasion, and was thus in a very different posture from Adamov.

The facts surrounding Adamov's arrest in Switzerland and eventual extradition, trial, and imprisonment in Russia are unclear to this Court, and we cannot determine whether he is presently a fugitive under the applicable laws. What is abundantly clear is that he is unlikely to be able to defend the charges against him in the short term, given Russia's opposition to extradition to the United States for this prosecution as well as his present incarceration. We have previously refused to permit Adamov to waive his personal appearance and skip ahead to the arraignment, and we will now exercise our discretion to refuse to let him move on to the next step in litigation, pretrial motions to dismiss the indictment.

For the foregoing reasons, Defendant's motion seeking leave to make a special appearance for the limited purpose of moving to dismiss the indictment (Doc. 96) shall be denied, and his motion to dismiss the indictment (Doc. 97) shall be dismissed as moot.

An appropriate Order follows.

May 1, 2008
Date

Maurice B. Cohill, Jr.
Senior United States District Judge